1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9
10
11
12
13
14
15

LA COCINA DE OAXACA LLC, individually
and on behalf of all others similarly situated,

                               Plaintiff,

      v.

TRI-STATE INSURANCE COMPANY OF
MINNESOTA,

                            Defendant.

No.

COMPLAINT—CLASS ACTION

JURY DEMAND

16

## I.      INTRODUCTION

17
18
19
20
21
22

      Plaintiff LA COCINA DE OAXACA LLC, individually and on behalf of all other

similarly situated members of the defined national class (the "Class Members"), by and through

the undersigned attorneys, brings this class action against Defendant TRI-STATE INSURANCE

COMPANY OF MINNESOTA ("Defendant" or "Tri-State Insurance") and alleges as follows

based on personal knowledge and information and belief:

23

## II.      JURISDICTION AND VENUE

24
25
26

      1.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness

Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class is a citizen

KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of a state different from that of Defendant, the proposed Class has more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendant because Defendant registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper.  Moreover, jurisdiction exists because Plaintiff's claims arise out of and directly relate to Defendant's contacts with Washington. Plaintiff has standing to bring each claim against Defendant as a class representative whose claims are typical and common of the class under Fed. R. Civ. P. 23.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant; a substantial portion of the alleged wrongdoing occurred in this District and the state of Washington; and Defendant has sufficient contacts with this District and the state of Washington.

4.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Seattle, King County, Washington. This action is therefore appropriately filed in the Seattle Division because a substantial portion of the events giving rise to this lawsuit arose in King County.

### III.    PARTIES

5.      Plaintiff La Cocina de Oaxaca owns and operates a dine-in restaurant and bar, La Cocina Oaxaqueña, located at 1216 Pine St. in Seattle, King County, Washington.

COMPLAINT—CLASS ACTION - 2

KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6.     Defendant Tri-State Insurance is an Iowa corporation with its headquarters and principal place of business in Urbandale, Iowa.

7.     Tri-State Insurance is authorized to write, sell, and issue business insurance policies in forty-seven states, including the state of Washington. Tri-State Insurance conducted business within these states by selling and issuing business insurance policies to policyholders, including La Cocina de Oaxaca.

## IV.     NATURE OF THE CASE

8.     This lawsuit is filed to insure that Plaintiff and other similarly-situated policy holders receive the insurance benefits to which they are entitled and for which they have paid.

9.     Plaintiff owns and operates the restaurant La Cocina Oaxaqueña, located in Seattle's Capitol Hill neighborhood.

10.     La Cocina Oaxaqueña specializes in authentic, homemade Mexican food from the Oaxaca region of southern Mexico. The restaurant offers a full-service bar, bar seating, and sit-down dining.

11.     The restaurant business property includes tables, chairs, durable tableware (including glassware, serving ware, and utensils), and other items and equipment designed to facilitate indoor and in-person dining.

12.     Tri-State Insurance issued one or more insurance policies to Plaintiff, including an Advantage Commercial Policy and related endorsements (collectively, "the Policy"), insuring Plaintiff's property and business practice and other coverages from February 4, 2020 to February 4, 2021.

COMPLAINT—CLASS ACTION - 3

13.    Plaintiff's business property includes property owned and/or leased by Plaintiff and used for the specific purpose of operating a dine-in restaurant and bar and other related business activities.

14.    The Policy issued by Defendant is an "all-risk" policy that provides broad property and business interruption coverage except where excluded.

15.    Tri-State Insurance Businessowners Property Coverage promises to pay Plaintiff for risks of "direct physical loss of or damage" to covered property and includes coverage for risks of "loss of or damage to" covered property.

16.    Tri-State Insurance's Businessowners Property Coverage provides Plaintiff with Business Income Coverage, Extended Business Income Coverage, Extra Expense Coverage, and Civil Authority Coverage.

17.    Plaintiff paid all premiums for the coverage when due.

18.    On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

19.    COVID-19 remains stable and transmittable in aerosols for up to three hours and up to two or three days on certain surfaces. Persons infected with COVID-19 can be asymptomatic. COVID-19 is spread by breathing, talking, and touching shared or common objects or surfaces. Guidance issued by the United States Centers for Disease Control & Prevention recommends avoiding indoor activities and maintaining social distance of at least six feet between people to slow or stop the spread of COVID-19.[1]

---

[1] *Coronavirus Disease 2019 (COVID-19): Personal and Social Activities*, Centers for Disease Control & Prevention (updated July 30, 2020), https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/personal-social-activities.html.

COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

20.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as the result of COVID-19. Thereafter, he issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

21.     On March 16, 2020, Governor Inslee issued Proclamation 20-13, entitled, "Statewide Limits: Food and Beverage Services, Areas of Congregation."

22.     Proclamation 20-13 states that "the COVID-19 disease has and continues to spread quickly across the state of Washington, beyond the original community outbreaks in King, Pierce, and Snohomish counties…."

23.     Proclamation 20-13 prohibits "any number of people from gathering in any public venue in which people congregate for purposes of . . . food and beverage service[.]" The proclamation prohibits "the onsite consumption of food and/or beverages in a public venue" from March 17, 2020, to March 31, 2020.

24.     Proclamation 20-13 states that one of the reasons for its restrictions is that "the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property, or the public peace."

25.     On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home—State Healthy." The proclamation, which amends Proclamation 20-13, requires that "[a]ll people in Washington State [ ] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business

KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

activities." The proclamation prohibits "all non-essential businesses in Washington State from conducting business, within the limitations provided herein."

26.    Governor Inslee's Proclamations and Orders related to COVID-19 have been extended and modified from time to time.

27.    By order of Governor Inslee, restaurants including Plaintiff were prohibited from operating their businesses except according to the terms of the proclamations and orders.

28.    Governors and civil authorities in other states have issued similar orders and proclamations, for similar reasons.

29.    Plaintiff closed its restaurant on or about March 16, 2020 due to Proclamation 20-13.

30.    Plaintiff began offering some take-away meals for customers beginning about May 28, 2020.  However, customers were still prohibited from entering Plaintiff's restaurant, using Plaintiff's tables, chairs, or durable tableware, or consuming any food or drink on its premises.

31.    In late June 2020, Plaintiff was able to have a limited number of customers enter its dining room and eat meals on its premises. However, to comply with state requirements, Plaintiff is operating at a dramatically reduced capacity.  Much of Plaintiff's insured property, including its bar seating, tables, chairs, and tableware are still physically unused and unusable due to state requirements to socially distance customers and to operate at a reduced capacity.

32.    La Cocina de Oaxaca has not been able to use its restaurant for its full insured purposed of full sit-down dining and bar.

COMPLAINT—CLASS ACTION - 6

33.    Plaintiff's property has sustained direct physical loss and/or damages related to COVID-19 and/or the proclamations and orders.

34.    Plaintiff's property will continue to sustain direct physical loss or damage covered by the Tri-State Insurance policy or policies, including but not limited to business income, extra expense, interruption by civil authority, and other expenses.

35.    Plaintiff's property cannot be used for its intended purposes.

36.    As a result of the above, Plaintiff has experienced and will experience loss covered by the Tri-State Insurance policy or policies.

37.    Plaintiff filed a claim on March 19, 2020 for losses covered by the Policy. Tri-State Insurance denied coverage on May 8, 2020 by letter to Plaintiff.

38.    Tri-State Insurance's May 8, 2020 denial letter to La Cocina de Oaxaca states:

Tri-State Insurance has completed its investigation of the claim filed for reduced sales . . . resulting from the state of emergency declared in Washington State concerning the COVID-19 viral outbreak . . . [T]here is no coverage for this claim.

39.    Upon information and belief, Tri-State Insurance has denied and will deny coverage to other similarly situated policyholders.

## V.    CLASS ACTION ALLEGATIONS

40.    This matter is brought by Plaintiff on behalf of itself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

41.    The Classes that Plaintiff seeks to represent are defined as:

A.    ***Business Income Breach of Contract Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19

COMPLAINT—CLASS ACTION - 7

and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Business Income claim has been denied by Tri-State Insurance.

B.    ***Business Income Declaratory Relief Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

C.    ***Extended Business Income Breach of Contract Class***: All persons and entities in the United States issued a Tri-State Insurance policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Tri-State Insurance.

D.    ***Extended Business Income Declaratory Relief Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Extended Business Income Coverage who suffered a suspension of their business at the covered premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

E.    ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Extra Expense Coverage who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Tri-State Insurance.

**KELLER ROHRBACK L.L.P.**
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.    ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Extra Expense Coverage who incurred expenses while seeking to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

G.    ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Civil Authority Coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Tri-State Insurance.

H.    ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States issued a Tri-State Insurance policy with Civil Authority Coverage who suffered a loss of business income and/or extra expense related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

42.    Excluded from the Classes are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definition based on information obtained in discovery.

43.    This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

44.    **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical.  Plaintiff is informed and believes that each proposed Class has

KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

hundreds of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

45.    **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.    Whether the class members suffered covered losses based on common policies issued to members of the Class;

B.    Whether Tri-State Insurance acted in a manner common to the Class by wrongfully denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities on the same grounds and/or otherwise in breach of the law of contracts;

C.    Whether Business Income coverage in Tri-State Insurance's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.    Whether Extended Business Income coverage in Tri-State Insurance's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

E.    Whether Extra Expense coverage in Tri-State Insurance's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.    Whether Civil Authority coverage in Tri-State Insurance's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

**KELLER ROHRBACK L.L.P.**
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

G.      Whether Tri-State Insurance has breached its contracts of insurance through a blanket denial of all claims based on Business Income, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H.      Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

I.      Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

46.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Tri-State Insurance. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

47.     **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class.

48.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create

**KELLER ROHRBACK L.L.P.**
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

49.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

50.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.    CAUSES OF ACTION

### Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, and Civil Authority Declaratory Relief Class)*

51.     Previous paragraphs alleged are incorporated herein.

52.     This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

COMPLAINT—CLASS ACTION - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

53.     Plaintiff brings this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Extended Business Income Declaratory Relief Class, Extra Expense Declaratory Relief Class, and Civil Authority Declaratory Relief Class.

54.     Plaintiff seeks a declaratory judgment declaring that Plaintiff's and class members losses and expenses resulting from the interruption of their business are covered by the Policy.

55.     Plaintiff seeks a declaratory judgment declaring that Tri-State Insurance is responsible for timely and fully paying all such claims.

## Count Two—Breach of Contract

*(Brought on behalf of the Business Income Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, and Civil Authority Breach of Contract Class)*

56.     Previous paragraphs alleged are incorporated herein.

57.     Plaintiff brings this cause of action on behalf of the Business Income Coverage Breach of Contract Class, Extended Business Income Breach of Contract Class, Extra Expense Breach of Contract Class, and Civil Authority Breach of Contract Class.

58.     The Policy is a contract under which Plaintiff and the class paid premiums to Tri-State Insurance in exchange for Tri-State Insurance's promise to pay Plaintiff and the class for all claims covered by the Policy.

59.     Plaintiff has paid its insurance premiums.

60.     Tri-State Insurance denied coverage for Plaintiff and other similarly situated policyholders.

COMPLAINT—CLASS ACTION - 13

61.    Denying coverage for the claim is a breach of the insurance contract.

62.    Plaintiff is harmed by the breach of the insurance contract by Tri-State Insurance.

## VII.    REQUEST FOR RELIEF

1.    Class action status under Fed. R. Civ. P. 23.

2.    A declaratory judgment that the policy or policies cover Plaintiff's losses and expenses resulting from the interruption of Plaintiff's business related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other authorities.

3.    A declaratory judgment that Defendant is responsible for timely and fully paying all such losses.

4.    Damages.

5.    Pre- and post-judgment interest at the highest allowable rate.

6.    Reasonable attorney fees and costs.

7.    Such further and other relief as the Court shall deem appropriate.

## VIII.    JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

//

//

//

//

//

//

COMPLAINT—CLASS ACTION - 14

KELLER ROHRBACK L.L.P.
1201 Third Ave, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 3rd day of August, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Karin B. Swope*
By: *s/Maureen Falecki*
By: *s/Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Maureen Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: kswope@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com


By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

*Attorneys for Plaintiff*

4842-2203-7954, v. 1

COMPLAINT—CLASS ACTION - 15